[Crim. No. 13072. In Bank. Sept. 1, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
EDWIN L. CLARK, Defendant and Respondent.

**COUNSEL**

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, Edward P. O'Brien, Robert R. Granucci and James A. Aiello, Deputy Attorneys General, for Plaintiff and Appellant.

Lois Prentice, under appointment by the Supreme Court, for Defendant and Respondent.

**OPINION**

**MOSK, J.**—We treat this case as a companion to *People* v. *Tenorio, ante,* p. 89 [89 Cal.Rptr. 249, 473 P.2d 993].

Defendant was charged, inter alia, with unlawful possession of a narcotic, to wit, Percodan, in violation of Health and Safety Code section 11500. He pleaded guilty, and admitted two prior convictions of narcotics offenses. After spending two years in the civil commitment program for narcotics addicts, he was rejected therefrom and returned to court for sentencing on the original criminal charge. (Former Pen. Code, § 6453, now Welf. & Inst. Code, § 3053.)

Then as now, Health and Safety Code section 11500 imposed a mandatory minimum sentence of 15 years without possibility of probation or parole on any person convicted of unlawful possession of narcotics with two or more prior narcotics convictions, and section 11718 prohibited trial courts from striking such priors except upon motion of the district attorney. Here the judge recognized that no such motion had been made, but struck defendant's two priors nevertheless and sentenced him as a first offender. In so doing, the judge acted on two grounds: first, he respectfully called upon this court to reexamine its decision in *People* v. *Sidener* (1962)

58 Cal.2d 645 [25 Cal.Rptr. 697, 375 P.2d 641], which upheld the validity of section 11718; second, he ruled that a 15-year mandatory minimum sentence for possession of narcotics would be "brutal," i.e., would violate the constitutional prohibition against cruel and unusual punishment. (U.S. Const., 8th Amend.; Cal. Const., art. I, § 6.)

The People appealed from the order of dismissal of the prior convictions, relying heavily on *Sidener.* Deeming the cruel and unusual punishment issue to be worthy of a more thorough presentation, we requested and obtained supplemental briefs on the subject from the parties.

While this appeal was pending, however, the case of *People* v. *Tenorio, supra,* came before us and presented an appropriate vehicle for reconsideration of *Sidener.* In *Tenorio,* filed this day, we overrule *Sidener* and hold that section 11718 is invalid because it encroaches upon the constitutional province of the judiciary and violates the doctrine of separation of powers. (Cal. Const., art. VI, § 1, and art. III, § 1.)

■ It follows that the trial court in the case at bar had jurisdiction to strike the defendant's prior convictions in the interests of justice. And as the order appealed from is thus supported on an independently sufficient ground, it must be affirmed.

In the circumstances, it would be inappropriate for us to reach the merits of the alternate ground of the ruling below—that a 15-year mandatory minimum sentence for possession of narcotics constitutes cruel and unusual punishment—and we decline to do so at this time. Nothing we say here, however, is meant to foreclose consideration of that issue when timely presented on a proper record, e.g., by a petitioner sentenced to such a term after a trial court has declined to exercise its power to strike prior convictions under *Tenorio.* It will be time enough then to determine whether such a sentence can be squared with "the evolving standards of decency that mark the progress of a maturing society." (*Trop* v. *Dulles* (1958) 356 U.S. 86, 101 [2 L.Ed.2d 630, 642, 78 S.Ct. 590] (per Warren, C. J.).)

The ordered appealed from is affirmed.

Sullivan, Acting C. J., McComb, J., Peters, J., Tobriner, J., and Burke, J., concurred.