Opinion
COLE, P. J.
Defendant was charged with a violation of Vehicle Code section 23102, subdivision (a)[1] (driving under the influence of intoxicating liquor on Oct. 11, 1978) and, by amendment of the complaint, was charged with suffering a prior conviction of the same statute within the preceding five years, i.e., on January 14, 1976. On January 31, 1979, defendant withdrew his plea of not guilty and pled nolo contendere and the docket for that date discloses “Prior stricken on Court’s own motion over objection of the People for the purpose of sentence.” On February 28, 1979, after the trial court received and read a probation report, it caused the following entry to be made in the court minutes: “Court states that this is a (sic) unusual case. Defendant is 43 years old, lived in California for 7 years and has never been arrested except for this occasion and the prior occasion. In view of good record, Court finds no reason to send him to jail for 48 hours. Defendant spent 5 hours in custody, and additional time would serve no purpose. Also jail term might affect employment and ability to make restitution. Cause submitted.” On the same date, proceedings were suspended and defendant was placed on probation for 18 months on various conditions including that he pay a fine of $375 plus penalty assessment, pay any civil judgment (presumably arising out of the incident) by May 1, 1981, and that he cooperate in a program of alcoholic counseling through the probation department as directed by his probation officer in accordance with Senate Bill No. 38. The People have appealed from the order striking the allegation of the prior conviction. This is an appealable order. (Pen. Code, § 1466, subd. 1 (a); People v. Davis (1979) 94 Cal.App.3d 215 [156 Cal.Rptr. 395].)
*Supp. 22 Subdivision (d) of section 23102 requires that a person convicted of an offense under that section within five years of a prior conviction under the same section be imprisoned in the county jail for not less than forty-eight hours. Subdivision (g) of section 23102 provides as follows:
“(g) Except in unusual cases where the interests of justice demand an exception, the court shall not strike a prior conviction of an offense under this section for purposes of sentencing in order to avoid imposing as part of the sentence or term of probation the minimum time in confinement in the county jail and the minimum fine, as provided in this section.
“When such a prior conviction is stricken by the court for purposes of sentencing, the court shall specify the reason or reasons for such striking order.
“On appeal by the people from such an order striking such a prior conviction it shall be conclusively presumed that such order was made only for the; reasons specified in such order and such order shall be reversed if there is no substantial basis in the record for any of such reasons.”
The reasons set forth by the trial court do not justify the order striking the allegation of the prior conviction. Defendant’s age and length of residence in California have no direct relevance, except to show that since he had lived here for some time he had, generally speaking, been a law-abiding citizen. But the record also showed the trial court that defendant had been twice arrested within five years for driving under the influence of intoxicating liquor. This is the very circumstance which subdivision (d) of section 23102 contemplates. It expressly says that punishment for repeat drunk driving within five years shall be imprisonment in the county jail for not less than forty-eight hours. The Legislature has reinforced its intention in subdivision (e) of the same section. This subdivision says that if one is twice convicted within five years of the offense in question and is granted probation it shall be a condition of probation that such person be confined in jail for at least forty-eight hours. To make the matter even more clear, the Legislature has said in subdivision (f) of the section “In no event does the court have the power to absolve a person who is convicted of an offense under this section within five years of a prior conviction... from the obligation of spending the minimum time in confinement in the county jail as provided in this section.... ” Thus, the legislative mandate is clear.
*Supp. 23 True, subdivision (g) of section 23102 then restores some discretion to the court, but only under narrow circumstances.[2] The interests of justice must demand an exception. Here the only explanation by the trial court is (1) that defendant already spent five hours in custody and additional time would serve no purpose, and (2) that a jail term might affect employment and ability to make restitution. Reason (1) flies in the teeth of the legislative determination that 48 hours in jail is required. By itself it is no reason at all. Reason (2), besides being speculative, overlooks the fact that subdivision (h) of the statute expressly says “The court may order that any person convicted under this section, who is to be punished by imprisonment in jail, be imprisoned on days other than days of regular employment of the person, as determined by the court.” Further we have examined the probation report. Nothing in it indicates that 48 hours in jail would jeopardize defendant’s employment.
The order striking the charged prior constituted an abuse of discretion. The order is reversed with directions to the trial court to reinstate the charged prior, allow defendant an opportunity to withdraw his plea of guilty to the principal charge if he so desires, and require defendant to admit or deny the charged prior offense. Nothing in this opinion will preclude the trial court from entering an order pursuant to section 23102.1 in the event a judgment of conviction is again entered and it is found or admitted that appellant suffered a prior conviction.
Saeta, J., concurred.

All further section references are, unless otherwise specified, to sections of the Vehicle Code.

Section 23102.1 provides that the court may suspend the mandatory jail time if the defendant participates for one year in a court-ordered and approved alcohol rehabilitation program.