THE STATE OF NEVADA, APPELLANT, v. ROBERT EARL LOYLE, JR., RESPONDENT.

No. 15429

January 4, 1985                                     692 P.2d 516

*Brian McKay,* Attorney General, Carson City, *Mills Lane,* District Attorney, *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Appellant.

*M. Jerome Wright,* Reno, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

This is an appeal from an order granting a motion to suppress

---

[2]Governor Richard Bryan designated The Honorable Michael E. Fondi, District Judge, to sit in this case in place of THE HONORABLE NOEL E. MANOUKIAN, Chief Justice, who voluntarily disqualified himself. Nev. Const., art. 6, sec. 4.

evidence in a criminal case. Respondent has moved to dismiss this appeal on the ground that appellant did not properly invoke the jurisdiction of this court under NRS 177.015(2). The motion is granted.

Respondent was charged with possession of a controlled substance and possession of a controlled substance for the purpose of sale. Respondent moved to suppress certain evidence, and the district court granted the motion. Within two days thereafter the state filed a notice of appeal with the district court clerk. The record on appeal was eventually docketed with this court. Respondent has now moved to dismiss the appeal on the ground that the state did not file a separate notice of appeal with the supreme court clerk within five days after the district court granted the motion to suppress, as required by NRS 177.015(2). That statute provides, in part, as follows:

> [N]otice of the appeal must be filed with the clerk of the district court within 2 judicial days and with the clerk of the supreme court within 5 judicial days after the ruling by the district court [on motion to suppress].

Previously, the state had no right to an immediate appeal from an order granting a motion to suppress evidence. *See* State v. Warmington, 81 Nev. 369, 403 P.2d 849 (1965); *see also* Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969); Franklin v. District Court, 85 Nev. 401, 455 P.2d 919 (1969). The legislature recently enacted NRS 177.015(2), however, which provides for such appeals. The statute states clearly the manner in which an appeal *must* be filed.

Respondent relies on In re the Estate of Major A. Riddle v. Close, 99 Nev. 632, 668 P.2d 290 (1983), in which this court dismissed an appeal of interlocutory probate orders, because the notice had been filed after the expiration of the 30-day statutory period. In *Estate of Riddle,* above, we stated: "We perceive no reason why the legislature, having granted a right to appeal where it did not otherwise exist, should not be free to place restrictions upon the exercise of that right."

NRS 177.015(2) places restrictions upon the exercise of the right of appeal, namely, that the notice of appeal *must* be filed with the district court clerk within two days *and* with the supreme court clerk within five days after a ruling by the district court. Appellant does not offer sufficient justification in reason, common sense, or public policy to warrant a judicial interpretation of this statute which disregards the second, conjunctive five-day requirement. Since appellant concedely did not file the notice of appeal "with the clerk of the supreme court within 5 judicial days

after the ruling of the district court," the appeal was not perfected in the manner commanded by the statute.

The appeal is dismissed.

MOWBRAY and GUNDERSON, JJ., concur.

STEFFEN, J., with whom MANOUKIAN, C. J., agrees, dissenting:

Since I do not view the five-day notice to this Court as being jurisdictional, I respectfully dissent.

Respondent contends that the failure of the state to comply fully with the terms of NRS 177.015(2) deprives this Court of jurisdiction to entertain an appeal by the state. In pertinent part, the statute reads as follows:

> [N]otice of the appeal must be filed with the clerk of the district court within 2 judicial days and with the clerk of the supreme court within 5 judicial days after the ruling by the district court [on the motion to suppress].

Prior to the enactment of the quoted statute, no right of appeal existed from an order granting a motion to suppress evidence. The statute contains time limits which are quite short when compared to other appeal statutes and rules. *E.g.*, NRAP 4(a) (30 days for civil appeal); NRAP 4(b) (30 days for criminal appeal); NRS 34.380 (15 days for habeas corpus appeal); NRS 179.510 (30 days for appeal from order suppressing wiretap evidence). I have reviewed the legislative history of NRS 177.015(2) and have concluded that the short notice requirement reflects a concern for preserving the right to speedy trials for defendants who have successfully moved to suppress evidence. The legislative history, however, does not reveal a purpose for the requirement that the state file two separate notices of appeal.

I am unaware of any other statute or rule which provides for the filing of an original notice of appeal in the Supreme Court. All other appeals are initiated by the filing of notices of appeal in the district court. *E.g.*, NRAP 4(a) (civil appeals); NRAP 4(b) (criminal appeals). The statute dealing with criminal appeals in general states that an appeal from a district court to the Supreme Court "is taken by filing with the clerk of the district court a notice of appeal in duplicate." NRS 177.075. Furthermore, NRAP 3(a) provides that an appeal from the district court to the Supreme Court "shall be taken by filing a notice of appeal with the clerk of the district court." *Cf.* Gerbig v. Gerbig, 60 Nev. 292, 108 P.2d 317 (1940) (notice of appeal filed in Supreme Court instead of district court; appeal ineffective).

The filing of a two-day notice of appeal in the district court is

sufficient to effectuate the legislative purpose of preserving speedy trials. Filing of a notice of appeal in the district court is also sufficient to invoke the jurisdiction of this Court. There is no indication in the statute's history that the legislature intended the additional five-day notice of appeal to be a jurisdictional prerequisite. It appears that the additional notice requirement is simply to insure that we are informed, within five days after the district court's ruling, of the existence of an appeal which will be docketed shortly and which should be given expedited consideration by this Court. *Cf.* NRS 177.075(5) (duplicate notice of appeal forwarded by district court clerk to Supreme Court clerk). As such, the five-day notice which is to be filed with the Supreme Court clerk should not be viewed as an additional jurisdictional requirement necessary to invoke the appellate power of this Court in a suppression appeal.

Accordingly, I would hold that although the timely filing of a notice of appeal in the district court is a jurisdictional prerequisite to an appeal under NRS 177.015(2), the timely filing of the additional five-day notice in this Court is not a jurisdictional requirement. Therefore, the state's failure to file the five-day notice in this Court was a procedural dereliction which should not affect the validity of the appeal, and the dereliction should be a ground only for such action as we deem appropriate. NRAP 3(a). I do not consider the instant dereliction to be of sufficient magnitude to warrant dismissal. I would therefore deny respondent's motion to dismiss the appeal.