THE STATE OF NEVADA, APPELLANT, v. TIMOTHY JAMES BRAIDY, JR., RESPONDENT.

No. 19308

December 9, 1988 765 P.2d 187

---

*Brian McKay,* Attorney General, Carson City; *Jack T. Bullock,* District Attorney, *Edward T. Reed,* Deputy District Attorney, Humboldt County, for Appellant.

*Laura W. FitzSimmons,* Carson City, for Respondent.

## OPINION·

*Per Curiam:*[1]

This is a discretionary appeal pursuant to NRS 177.015(2), from an order of the district court suppressing evidence. This court previously issued an order allowing the parties to brief this appeal and scheduling the case for oral argument in February, 1989. Respondent has moved to dismiss on the ground that appellant's notices of appeal were filed prematurely. The motion is opposed.

On August 23, 1988, the district court orally granted respondent's motion to suppress evidence of marijuana seeds which were recovered from an airplane as the result of a warrantless search which the district court concluded had been made in violation of respondent's fourth amendment rights. The district court expressly directed respondent to "prepare any necessary papers

---

[1]THE HONORABLE CLIFF YOUNG, Justice, voluntarily disqualified himself from participating in this case.

to effectuate this decision." Also on August 23, 1988, the state filed a notice of appeal in the district court. On August 26, 1988, the state filed a separate notice of appeal in this court as required by NRS 177.015(2). The district court entered its written order granting respondent's motion to suppress on September 7, 1988. Alleging that the state's notices of appeal were prematurely filed, respondent has moved to dismiss this appeal for lack of jurisdiction.

This court has previously noted that NRS 177.015(2) provides for an appeal where previously no appeal was allowed. Therefore, this court stated that the legislature was free to place restrictions on the exercise of the right to such an appeal, and held that the "statute states clearly the manner in which an appeal *must* be filed." *See* State v. Loyle, 101 Nev. 65, 66, 692 P.2d 516, 517 (1985) (emphasis in original). NRS 177.015(2) (emphasis added) provides in relevant part: "Notice of the appeal [from an order suppressing evidence] must be filed with the clerk of the district court within 2 judicial days and with the clerk of the supreme court within 5 judicial days *after the ruling by the district court.*" This court has not previously determined whether "the ruling by the district court" refers to the oral pronouncement or the written entry of the order.

The intent of the legislature in passing the very short time limitations in NRS 177.015(2) was to expedite the appeal so that trial would not be delayed. Construing "ruling" to include an oral pronouncement from the bench serves the legislative intent of avoiding unnecessary delay. We conclude, therefore, that the legislature intended the limitation period to begin when the district court first renders its ruling on the motion and, in a case where an oral ruling is rendered by the district court, the period begins on the date the ruling is orally pronounced. Appellant's notices of appeal were timely filed from the date the district court orally granted the motion to suppress evidence in this case. Accordingly, we deny respondent's motion to dismiss.