[No. B061114. Second Dist., Div. Three. June 24, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
BRENT CURTIS KIRK, Defendant and Respondent.

## Counsel

Ira Reiner, District Attorney, Donald J. Kaplan and Brent Riggs, Deputy District Attorneys, for Plaintiff and Appellant.

James K. Hahn, City Attorney (Los Angeles), Debbie Lew and Candice I. Ochi, Deputy City Attorneys, as Amici Curiae on behalf of Plaintiff and Appellant.

John Michael Covas for Defendant and Respondent.

## Opinion

HINZ, J.—

### Introduction

Following a pretrial ruling to strike a prior conviction alleged against the defendant as constitutionally invalid, the People seek to appeal this ruling before a judgment of conviction. We find that the People may appeal the order, but remand the case to the appellate department of the superior court for review of the inferior court's ruling.

An amended misdemeanor complaint filed on April 3, 1991, alleged that on September 10, 1990, defendant Brent Curtis Kirk committed the crime of driving under the influence of alcohol or drugs in violation of Vehicle Code section 23152, subdivision (a). The complaint further alleged that within seven years of committing this offense, Kirk was convicted of violating

Vehicle Code section 23152, subdivision (a), on July 11, 1984, in North Orange Municipal Court, and on July 14, 1987, in Los Angeles Municipal Court.

Defendant pleaded not guilty on October 5, 1990. On January 28, 1991, finding the North Orange Municipal Court prior conviction constitutionally invalid, the trial court granted defendant's motion to strike the prior conviction for violating Vehicle Code section 23152. The trial court's February 1, 1991, order directed the Department of Motor Vehicles to strike the conviction from its records.

On April 3, 1991, the Los Angeles District Attorney, on behalf of the People of the State of California, filed a notice of appeal. On August 1, 1991, the Appellate Department of the Los Angeles County Superior Court granted the defendant's motion to dismiss the appeal, finding that the trial court's order striking one of the defendant's two prior driving under the influence convictions is not an appealable order under Penal Code section 1466, subdivision (a)(2).

On September 4, 1991, the Appellate Department of the Los Angeles County Superior Court denied a petition for rehearing, but ordered the case certified to the Court of Appeal, Second Appellate District. On September 25, 1991, Division Three of the Court of Appeal of the State of California, Second Appellate District, ordered the transfer of the cause to this court.

## FACTS

At a January 28, 1991, hearing, Kirk testified that shortly after his arrest by the Anaheim Police Department, he submitted to a blood test in the early morning of July 11, 1984. He neither inquired about nor received the results of the blood test when he appeared in court in Fullerton on July 11, and did not request an attorney's services or to talk to an attorney. He entered a plea of guilty to a charge of driving under the influence of alcohol. Nobody explained what a jury trial was, nor did anyone state that he would be presumed innocent unless 12 jurors agreed unanimously upon his guilt. Kirk did not recall any continuance being offered to enable him to talk to an attorney.

The defendant admitted that he read, executed, and signed a *Tahl* waiver form (*In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], initialing each box and reading about his right to a jury trial, to an attorney and to other constitutional rights. By initialing the boxes, he signified he understood and gave up those rights.

Based on the taking of the plea without the results of the blood test, the trial judge granted the motion to strike the prior conviction and declared that conviction constitutionally invalid.

ISSUE

The People claim on appeal that:

1. The People can appeal before judgment from an order striking a prior conviction in a drunk driving case prosecuted in an inferior court;

2. When the record shows the court received a form from the defendant signifying that before he pleaded guilty he understood and waived his rights, it establishes the constitutionality of his conviction under *Boykin-Tahl* (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and *In re Tahl*, *supra*, 1 Cal.3d 122); and that

3. A criminal defendant seeking a finding that lack of advice about his rights should result in the unconstitutionality of his prior conviction must allege actual denial of those rights.

DISCUSSION

1. *Appealability*

 The People claim on appeal that Penal Code section 1466 authorizes this appeal. That section states in part: "An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which the inferior court is located, in the following cases.

"(a) By the people:

. . . . . . . . . . . . . . . . . . . . . . . . .

"(2) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy."

*People* v. *Davis* (1979) 94 Cal.App.3d 215 [156 Cal.Rptr. 395] established the principle that in a criminal case, the People may appeal a municipal court's pretrial order striking an allegation of a prior conviction under Vehicle Code section 23102 (later renumbered Veh. Code § 23152).

In a ruling especially pertinent to the case at bench, *Davis* interpreted Penal Code section 1466, relating to appeals from "inferior courts." "The critical question," according to the *Davis* opinion, "is whether an order

'dismissing or otherwise terminating the action' includes the order striking the charge of a prior conviction." (94 Cal.App.3d at p. 217.)

Before *Davis*, numerous cases had construed a similar provision in Penal Code section 1238 relating to appeals from superior courts. (See *People* v. *Burke* (1956) 47 Cal.2d 45, 53-54 [301 P.2d 241]; *People* v. *Clark* (1970) 3 Cal.3d 97 [89 Cal.Rptr. 253, 473 P.2d 997]; *Hasson* v. *Cozens* (1970) 1 Cal.3d 576, 579-580 [83 Cal.Rptr. 161, 463 P.2d 385]; and *Gonzalez* v. *Municipal Court* (1973) 32 Cal.App.3d 706, 710 [108 Cal.Rptr. 612].) *People* v. *Shirley* (1978) 78 Cal.App.3d 424, 428-430 [144 Cal.Rptr. 282], for example, authorized a People's appeal based on Penal Code section 1238, subdivision (a)(1), from an order dismissing some but not all counts of a multi-count information. *People* v. *Orin* (1975) 13 Cal.3d 937, 940 [120 Cal.Rptr. 65, 533 P.2d 193] accepted and adjudicated, without comment, a People's appeal based on Penal Code section 1238, subdivision (a)(8) from an order dismissing two counts of a three-count information. More recently, *People* v. *Franc* (1990) 218 Cal.App.3d 588, 591-592 [267 Cal.Rptr. 109], adjudicating an appeal arising from Penal Code section 1238, subdivision (a)(1), authorized a People's appeal from a superior court order granting a Penal Code section 995 motion and striking part of an information. (*Franc*, it should be pointed out, appears to indicate that the underlying trial had concluded before the appeal.)

With regard to Penal Code section 1466, *People* v. *Agnello* (1968) 259 Cal.App.2d 785, 789 [66 Cal.Rptr. 571], *People* v. *Saffell* (1946) 74 Cal.App.2d Supp. 967, 971 [168 P.2d 497], and *People* v. *Ring* (1937) 26 Cal.App.2d Supp. 768, 770 [70 P.2d 281] construed that statute to authorize a People's appeal from an order dismissing one count of a multicount complaint. Relying on *Davis*, *People* v. *Aiello* (1979) 99 Cal.App.3d Supp. 19, 21 [160 Cal.Rptr. 512] found that an order striking an allegation of a prior conviction for Vehicle Code section 23102, subdivision (a) was appealable.

*Davis* concluded that "a statute authorizing a People's appeal from an order . . . 'dismissing or otherwise terminating the action' (as in . . . [Pen. Code §] 1466, subd. (1)(a)) authorizes an appeal from an order dismissing a part of the charge." (*People* v. *Davis*, *supra*, 94 Cal.App.3d at p. 220.)

*Davis* differs from the case at bench only because the appeal in *Davis* followed the defendant's guilty plea and sentencing. In the case at bench, by contrast, the People have appealed the striking of the prior conviction before judgment. This distinction does not seem significant, however in light of the holding in *Davis*.

We acknowledge the rule that the People have no right of appeal in criminal cases except as granted by statute. (*People* v. *Smith* (1983) 33

Cal.3d 596, 600 [189 Cal.Rptr. 862, 659 P.2d 1152]; *People* v. *La Fave* (1979) 92 Cal.App.3d 826, 828 [156 Cal.Rptr. 63].) Statutory restriction of the People's right to appeal in criminal cases does not merely establish a procedural limitation to allocate appellate review between direct appeals and extraordinary writs. It substantively limits review of trial court determinations in criminal trials. (*People* v. *Drake* (1977) 19 Cal.3d 749, 758 [139 Cal.Rptr. 720, 566 P.2d 622].) ▮ Penal Code section 1466, however, in light of applicable precedent, authorizes an appeal under these circumstances.

As the People point out, if a prior conviction for certain enumerated offenses is found to have been unconstitutional, a provision of Vehicle Code section 23209 appears to expunge that prior conviction from Department of Motor Vehicle Code records and to prevent the People from using it in any later proceeding.[1] Section 29 of article I of the California Constitution gives the People the right of due process of law in a criminal case. If an inferior court found a prior conviction to have been unconstitutional and later acquitted the defendant, the People could not appeal the ruling on the prior conviction unless section 1446 permitted an appeal before judgment.

We therefore conclude that the People may appeal the striking of this allegation before judgment.

### 2. *Other Issues*

The People also seek this court's review of the inferior court's ruling on the constitutionality of the prior conviction. This appeal, however, arises

---

[1]Vehicle Code section 23209 states: "Only one challenge shall be permitted to the constitutionality of a separate conviction of a violation of Section 14601, 14601.2, 23152, or 23153, which was entered in a separate proceeding. When a proceeding to declare a separate judgment of conviction constitutionally invalid has been held, a determination by the court that the separate conviction is constitutional precludes any subsequent attack on constitutional grounds in a subsequent prosecution in which the same separate conviction is charged. In addition, any determination that a separate conviction is unconstitutional precludes any allegation or use of that separate conviction in any judicial or administrative proceeding, and the department shall strike that separate conviction from its records. Pursuant to Section 1803, the court shall report to the Department of Motor Vehicles any determination upholding a conviction on constitutional grounds and any determination that a conviction is unconstitutional. This section shall not preclude a subsequent challenge to a conviction if, at a later time, a subsequent statute or appellate court decision having retroactive application affords any new basis to challenge the constitutionality of the conviction."

Effective January 1, 1992, Vehicle Code section 1803, subdivision (d), states: "If the court determines that a prior judgment of conviction of a violation of Section 23152 or 23153 is valid or is invalid on constitutional grounds pursuant to Section 41403, the clerk of the court in which the determination is made shall prepare an abstract of that determination and forward it to the department in the same manner as an abstract of record pursuant to subdivision (a)."

from the September 4, 1991, order granting the People's application for certification and transfer of the case to the Court of Appeal. In that order, the Appellate Department of the Los Angeles County Superior Court specified that certification to this court was necessary to settle an important question of law: "whether the People may appeal, under Penal Code section 1466, subdivision (a)(2), from an order of the trial court striking a prior conviction alleged in a complaint for the purpose of sentence enhancement when there has been no determination of the underlying charge[.]" We therefore express no opinion on the merits of the trial court's determination, and confine ourselves to finding the inferior court's order appealable in these circumstances.

### DISPOSITION

We reverse the order dismissing the appeal and finding the inferior court's order not appealable, and remand to the Appellate Department of the Superior Court of Los Angeles County.

Klein, P. J., and Croskey, J., concurred.