[No. H012900. Sixth Dist. May 4, 1995.]

FADELLI CONCRETE PUMPING, INC., Petitioner, v.
THE APPELLATE DEPARTMENT OF THE SUPERIOR COURT OF
SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[No. H012881. Sixth Dist. May 4, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
FADELLI CONCRETE PUMPING, INC., Defendant and Respondent.

## COUNSEL

George W. Kennedy, District Attorney, Joseph Thibodeaux, Deputy District Attorney, and Kaci R. McKeown for Plaintiff and Appellant and for Real Party in Interest.

Filice & De Maria, Bryce C. Anderson and Anthony J. De Maria for Petitioner and for Defendant and Respondent.

No appearance for Respondent.

## OPINION

COTTLE, P. J.—Defendant Fadelli Concrete Pumping, Inc., was convicted in a court trial of violating Vehicle Code section 35551, which prohibits operating a vehicle over certain statutory weight limits without a permit. The municipal court imposed a fine of $482. The People appealed, claiming that the applicable fine should have been in excess of $22,000, and that the municipal court had no discretion to assess a smaller fine. We hold that under the circumstances presented here, the People may not challenge the allegedly unauthorized sentence imposed by the municipal court in a misdemeanor case, either by appeal or by extraordinary writ. We therefore grant defendant's motion to dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 1992, a California Highway Patrol officer stopped a five-axle concrete pumper truck owned by defendant within the city limits of San Jose, and asked the driver to show permits to operate the vehicle. The driver had a State of California permit to operate an overweight vehicle (up to 99,375 pounds), but had no overweight vehicle permit issued by the City

of San Jose.[1] At a public scale, the officer determined that the truck weighed 103,900 pounds, and issued a citation indicating that the truck was 41,900 pounds overweight. A few days later, the same officer stopped a four-axle truck owned by defendant, resulting in a citation indicating that the four-axle truck was fifteen thousand four hundred pounds overweight.

On each citation, the charge against defendant was the same: a misdemeanor violation of Vehicle Code section 35551, subdivision (a). After a court trial held on May 27, 1993, the court found defendant Fadelli Concrete Pumping, Inc., not guilty on the citation involving the four-axle truck.[2] With regard to the five-axle truck, the court found defendant guilty of operating a vehicle four thousand five hundred twenty-five pounds overweight, and imposed a fine of $482.[3] Defense counsel inquired if the fine could be paid by August 1, 1993, and the court indicated that this was acceptable. The People made no objection to this payment date.

On June 21, 1993, the People filed an appeal in the appellate department of the superior court "from the sentencing order . . . rendered on May 27, 1993." In their appeal, the People contended (1) that the weight allowable under Vehicle Code section 35551 for defendant's 5-axle truck, without a permit, was 62,000 pounds; (2) that without a City of San Jose permit, defendant's truck was limited to that 62,000-pound weight inside San Jose city limits; and (3) that the truck, at 103,900 pounds, was therefore actually 41,900 pounds overweight. The People claimed that under Vehicle Code section 42030, subdivision (a), fines and penalties of $22,627 should have been imposed, and that the municipal court had no discretion to impose a lesser fine.

Defendant moved to dismiss the appeal, claiming that Penal Code section 1466 does not allow the People to appeal an allegedly unauthorized sentence in a misdemeanor case. In response, the People argued that they were appealing not the sentence, but the order allowing defendant until August 1, 1993, to pay the fine. Alternatively, the People argued that even if the sentence could not be challenged by appeal, they had the right to seek review by extraordinary writ.

---

[1] Defendant had inquired by telephone about obtaining a San Jose permit on October 9, 1992, before the incidents involved here, but did not actually obtain a city permit until October 28, 1992, 15 days after the issuance of the citation.

[2] The People have not appealed this not guilty finding, and concede that they cannot bring such an appeal "due to Double Jeopardy considerations."

[3] The trial court apparently used the weight permissible under the state permit (99,375 pounds) as a basis for calculation of the fine, and determined that the truck (at 103,900 pounds) was 4,525 pounds overweight. The court then applied Vehicle Code section 42030, subdivision (a) and determined the fine to be $175. Adding state and local penalty assessments, the total amount of the fine was $482.

On June 9, 1994, the appellate department of the superior court remanded the case to the municipal court for clarification of the municipal court's factual finding regarding the amount of weight that defendant's truck was overloaded, noting that the evidence presented at trial suggested that the truck was 41,900 pounds overweight, but at the conclusion of the trial, the municipal court made comments suggesting that it found, as a matter of fact, that the truck was only 4,525 pounds overweight. The appellate department stated: "If the trial court finds that defendant's truck was overloaded by 41,900 pounds, then it must comply with the appropriate statute and order the fine as set forth in that statute." In its decision, the appellate department did not address defendant's motion to dismiss the appeal.

On June 21, 1994, defendant filed a petition for rehearing and for certification of transfer to this court, noting that the appellate department had not decided defendant's motion to dismiss the appeal, and had not considered the jurisdictional issue. On July 26, 1994, defendant also filed a petition with the California Supreme Court for a writ of certiorari, which was transferred to this court.

The appellate department of the superior court denied defendant's request for rehearing, but granted defendant's request to transfer the case to this court pursuant to rule 63 of the California Rules of Court.[4] This court accepted the transfer from the appellate department on August 10, 1994. The transfer and certiorari proceedings have been consolidated for determination.

## DISCUSSION

### Appealability of the Misdemeanor Sentence

The primary question in this case is whether the People can challenge an allegedly unlawful sentence imposed by a municipal court in a misdemeanor case, either by appeal or by extraordinary writ. As a general rule, the People have no right of appeal in criminal cases except as granted by statute. (*People* v. *Kirk* (1992) 7 Cal.App.4th 855, 859 [9 Cal.Rptr.2d 270]; *People* v. *Smith* (1983) 33 Cal.3d 596, 600 [189 Cal.Rptr. 862, 659 P.2d 1152].) The People's right to appeal in infraction or misdemeanor cases taken from *municipal or justice courts* is governed by Penal Code section 1466. Subdivision (a)(1) of this statute provides that the People may appeal from the following: "(A) From an order recusing the district attorney . . . .

---

[4]The appellate department granted respondent's petition for certification and transfer on the issue of "whether the People have the right to review of the trial court's judgment by way of appeal or application for a writ of review."

[¶] (B) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy. [¶] (C) From a judgment for the defendant upon the sustaining of a demurrer. [¶] (D) From an order granting a new trial. [¶] (E) From an order arresting judgment. [¶] (F) From any order made after judgment affecting the substantial rights of the people. . . ."

In contrast, Penal Code section 1238, which governs appeals from *superior courts* in criminal cases, specifically authorizes the People to appeal from "[t]he imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence . . . ." (Pen. Code, § 1238, subd. (a)(10).) This subdivision was added in 1986. (Stats. 1986, ch. 59, § 1, pp. 169-170.)

The Legislature's failure to provide for appeals from the imposition of unlawful sentences imposed by inferior courts in Penal Code section 1466, while adding a distinct provision in Penal Code section 1238 for such appeals from superior courts, raises a strong inference that the Legislature did not intend to allow the People to appeal from the imposition of allegedly unlawful sentences by municipal or justice courts in misdemeanor cases. " ' "Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed." ' " (*People* v. *Drake* (1977) 19 Cal.3d 749, 755 [139 Cal.Rptr. 720, 566 P.2d 622] [quoting *People* v. *Valentine* (1946) 28 Cal.2d 121, 142 (169 P.2d 1)].)

The circumstances here are similar to those in *People* v. *Ventura* (1978) 84 Cal.App.3d Supp. 8 [148 Cal.Rptr. 581]. In *Ventura*, the trial court imposed sentences of less than the mandatory 90 days in jail in 10 separate cases involving violations of Health and Safety Code section 11550. The prosecution appealed, contending that the trial court had no discretion to impose sentences of less than the mandatory 90 days. The Appellate Department of the Los Angeles County Superior Court dismissed the appeal. Noting that an order or judgment is not appealable unless it is expressly made so by statute, the court stated: "It makes no difference that the appeal is taken from a mistaken ruling: '. . . [I]f the order is not appealable under accepted rules concerning appealability, we should not by fiat announce that it is appealable merely because it is egregiously erroneous.' . . . 'The Legislature has determined that except under certain limited circumstances the People shall have no right of appeal in criminal cases. . . .' " (*Ventura* at p. Supp. 10.) We are persuaded by the reasoning of the *Ventura* case that a judgment is not appealable unless the appeal is authorized by statute. As in *Ventura*, the

judgment here (a $482 fine) is not appealable under Penal Code section 1466, and it does not become appealable merely because it was allegedly unauthorized or erroneous.

Seeking to escape this predicament, the People argue that their appeal is authorized by subdivision (a)(1)(F) of Penal Code section 1466. That subdivision allows the People to appeal "[f]rom any order made after judgment affecting the substantial rights of the people."

The $482 fine challenged by the People here cannot be considered an appealable "order . . . after judgment." In a criminal case, judgment is synonymous with the imposition of sentence. (*People* v. *Warner* (1978) 20 Cal.3d 678, 682, fn. 1 [143 Cal.Rptr. 885, 574 P.2d 1237]; *Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 870 [338 P.2d 182].) In this case, the judgment was the municipal court's imposition of the sentence, a $482 fine.

The People argue that when an order has been made suspending execution of a judgment (such as an order placing a defendant on probation) it is an order after judgment from which the People may appeal. (See *People* v. *Belton* (1978) 84 Cal.App.3d Supp. 23 [149 Cal.Rptr. 231].)[5] They contend that in this case, the municipal court's comment that defendant could have until August 1, 1993,[6] to pay the $482 fine constituted an appealable "order suspending the . . . sentence."

The payment date here was arguably part of the sentence imposed, rather than a separate "order . . . after judgment." In any event, even if the payment date could be construed as an "order suspending the . . . sentence," it is clear that this extension of time to pay the fine (which has since been paid) is not the focus of the People's appeal. The prosecution made no objection at trial to the payment date, the payment date was not mentioned as a ground of appeal, and the fine has already been paid. In fact, the payment date was mentioned by the People only after defendant filed its motion to dismiss the appeal, in an effort to justify appealability. If the People were actually appealing the purported "order" regarding the payment date, they would be requesting a reversal of the order giving defendant additional time to pay the fine. They have not done so. The People have made no argument

---

[5]In the *Belton* case, the court addressed the identical sentencing error alleged in *Ventura*. In *Belton*, however, the trial court had suspended the sentences and granted probation, and the appellate department held that the alleged error was part of this "order . . . after judgment" and therefore appealable.

[6]Although the trial court stated that defendant could have until August 1, 1993, to pay the fine, the docket sheet indicates that the fine is payable on July 1, 1993. No issue has been raised regarding the discrepancy between these two dates.

that they were somehow prejudiced by the payment date, or that it should be modified. Instead, they have focused this appeal on the *amount* of the fine imposed by the municipal court, and thus the validity of the sentence itself. To hold that the mere existence of *any* order after judgment makes the underlying judgment appealable would stretch the statutory language beyond its meaning.

The People have also cited numerous cases to support their claim that whenever any sentencing error comes to the attention of a reviewing court, that error must be corrected. (See, e.g., *People* v. *Rowland* (1988) 206 Cal.App.3d 119, 126 [253 Cal.Rptr. 190]; *People* v. *Montalvo* (1982) 128 Cal.App.3d 57, 63 [183 Cal.Rptr. 242].) These and other cases cited by the People, however, are all appeals from sentences rendered by superior courts in felony cases. They do not constitute authority, under Penal Code section 1466, for the People to appeal a misdemeanor sentence imposed by a municipal court.

We acknowledge the People's concern that if no appeal is allowed here to challenge the allegedly unlawful sentence, then misdemeanor sentences imposed by inferior courts which are clearly unauthorized by statute will not be subject to review at the request of the prosecution. The absence of a provision in Penal Code section 1466 for the People to appeal such unlawful sentences, however, convinces us that the Legislature intended this result. "Appellate review at the request of the People necessarily imposes substantial burdens on an accused, and the extent to which such burdens should be imposed to review claimed errors involves a delicate balancing of the competing considerations of preventing harassment of the accused as against correcting possible errors." (*People* v. *Superior Court* (1968) 69 Cal.2d 491, 501 [72 Cal.Rptr. 330, 446 P.2d 138].) Any proposed changes in the statutory scheme should be addressed to the Legislature.

*Writi Review*

▆ Finally, the People claim that if there is no right of appeal, they may seek review by extraordinary writ. We do not believe writ review is appropriate in this case for two reasons. First, the People's ability in a criminal proceeding to obtain extraordinary relief is severely restricted where there is no right to appeal. The statutory limitations on the People's right to appeal are not merely procedural limitations allocating appellate review between direct appeal and extraordinary writ. They are substantive limitations on review of trial court determinations in criminal trials. (*People* v. *Drake*, *supra*, 19 Cal.3d at p. 758.) Because these limitations are substantive, the

People may not routinely circumvent the limitation on appeals by attempting to seek review by extraordinary writ. (*Id*, at pp. 758-759.) "To permit the People to resort to an extraordinary writ to review where there is no right to appeal would be to give the People the very appeal which the Legislature has denied to them." (*People* v. *Superior Court*, *supra*, 69 Cal.2d at p. 499.)

Second, although in exceptional cases extraordinary relief may be granted even where the People have no right to appeal, we do not believe that this is such a case. We are not persuaded that this situation, in which the municipal court allegedly calculated the fine incorrectly, is likely to recur or is of such importance that it should be considered on extraordinary writ. In light of the Legislature's decision not to allow appeals from allegedly unlawful sentences in this situation, we decline to upset the statutory balance to grant extraordinary review of the fine imposed here.

### Defendant's Constitutional Claims

Defendant has requested that if the court considers the merits of the prosecution's appeal, the court should also consider defendant's two constitutional arguments: (1) that the punishment for a violation of Vehicle Code section 35551 is unconstitutionally excessive, and (2) that the weight restrictions of section 35551 are not reasonably related to the purpose of the statute. Because we have not reached the merits of the People's appeal, we need not consider these issues.

### Defendant's Petition for Certiorari

As noted above, in addition to the case transferred to this court by the appellate department (No. H012881), this matter came before this court on a petition for certiorari transferred to this court from the Supreme Court (No. H012900). This court has accepted the motion for transfer of the case from the appellate department, and the issues presented by the transferred case are decided in this opinion. Defendant's petition for certiorari, which raises the same issues, is therefore moot.

### Defendant's Motion for Sanctions

Defendant requested sanctions in connection with its motion to dismiss the appeal before the appellate department of the superior court, arguing that the People's appeal in this case was frivolous. That motion has not been argued in the separate briefs filed with this court. In any event, sanctions for a frivolous appeal are not warranted in this case.

## Disposition

For the reasons stated above, defendant's motion to dismiss the appeal is granted. Defendant's petition for certiorari to the Supreme Court is dismissed as moot. Defendant's motion for sanctions is denied.

Premo, J., and Elia, J., concurred.