THE STATE OF NEVADA, Appellant, *v.*
JOSHUA JAMES KOSECK, Respondent.

No. 27308

March 1, 1996                                        911 P.2d 1196

*Frankie Sue Del Papa,* Attorney General, Carson City; *Gary D. Woodbury,* District Attorney, Elko County, for Appellant.

*Brian D. Green,* Elko, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal by the state from an order of the district court granting respondent's motion to dismiss one of three counts of a criminal information.

Respondent, Joshua James Koseck, was charged by information with one count of sexual assault on a child under fourteen, one count of lewdness with a child under fourteen, and one count of statutory sexual seduction, each charged in the alternative. Respondent filed a pretrial motion to dismiss Count II, the lewdness count, on the ground that it was mutually exclusive of the sexual assault charge. The state opposed the motion. The district court granted the motion to dismiss Count II, and the state filed this appeal.

It appears to be a question of first impression in Nevada whether the state may appeal from an order granting a motion to dismiss fewer than all counts of a criminal information or complaint. Accordingly, this court issued an order requesting the parties to brief the issues regarding this court's jurisdiction to entertain the appeal pursuant to NRS 177.015. We conclude that we do have jurisdiction.

NRS 177.015 provides as follows:

> The party aggrieved in a criminal action may appeal only as follows:
>
> 1. Whether that party is the state or the defendant:
>
> (a) To the district court of the county from a final judgment of the justice's court.
>
> (b) To the supreme court from an order of the district court granting a motion to dismiss, a motion for acquittal or a motion in arrest of judgment, or granting or refusing a new trial.
>
> 2. The state may, upon good cause shown, appeal to the supreme court from a pretrial order of the district court granting or denying a motion to suppress evidence made pursuant to NRS 174.125. . . .
>
> 3. The defendant only may appeal from a final judgment or verdict in a criminal case.

This language does not limit the state's right to appeal to a final judgment on all counts. By its plain terms, NRS 177.015(1)(b) provides the state with a right to appeal from an order granting a motion to dismiss, whether that order dismisses fewer than all or all of the counts brought against the defendant.

We note further that this interpretation of Nevada's statute is consistent with the interpretation of similar statutory language by a majority of jurisdictions across the country. *See, e.g.,* People v. Kirk, 9 Cal. Rptr. 2d 270 (Cal. Ct. App. 1992); People v. Ring, 70 P.2d 281, 282 (Cal. Ct. App. 1937); People v. Ferguson, 602 N.Y.S.2d 785 (Sup. 1993); People v. Rossi, 157 N.E.2d 859 (N.Y. Ct. App. 1959); State v. Parker, 704 P.2d 1144 (Or. 1985); and State v. Lekin, 271 N.W.2d 697 (Iowa 1978).

Accordingly, we conclude that this court has jurisdiction to entertain this appeal and that the appeal may proceed.[1]

---

[1]In our order of September 7, 1995, we suspended the briefing schedule pending resolution of the jurisdictional question. In view of our decision today, we reinstate the briefing schedule. Appellant's opening brief has been filed. Respondent's answering brief shall be filed within thirty (30) days of the date of this opinion. Briefing shall continue thereafter in accordance with the provisions of NRAP 31.