# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
                Appellant,
        vs.
JOHN THOMAS KEPHART,
                Respondent.

No. 72481

**FILED**

JUN 06 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order purporting to grant a motion to suppress. Second Judicial District Court, Washoe County; William A. Maddox, Senior Judge.

On March 24, 2017, this court entered an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the notice of appeal was untimely filed. *See* NRS 177.015(2); *State v. Braidy*, 104 Nev. 669, 765 P.2d 187 (1988). Appellant has filed a response to the order and respondent has filed a reply.

Respondent was charged by way of information superseding indictment with one felony count of domestic battery. This charge was prosecuted as a felony based on respondent's two prior convictions for domestic battery.

In its response, appellant argues that the order appealed from did not grant a motion to suppress but, rather, was "more akin to an order granting a motion to dismiss." Specifically, appellant states that the order appealed from was not an order granting a motion to suppress because it

17-18777

did not exclude evidence on the grounds that the evidence was unlawfully obtained. Appellant argues that the order appealed from ruled that the prior convictions could not be used to enhance the domestic battery charge to a felony. Therefore, the order operates as an order granting a motion to dismiss because the charge in the information will not be considered by the court or a jury and, thus, the order is appealable pursuant to NRS 177.015(1)(b).

Although counsel for appellant stated that he was filing a notice of appeal from an "order granting motion to suppress," and he attempted to comply with the filing deadlines related to such an appeal, see NRS 177.015(2), we agree with appellant that this is not an appeal from an order granting a motion to suppress, and the timelines related to the filing of notices of appeal in this regard do not apply. See State v. Shade, 110 Nev. 57, 867 P.2d 393 (1994) (defining "motion to suppress"). However, neither is this an appeal from an order granting a motion to dismiss. The order appealed from does not dismiss any charges against respondent. See State v. Koseck, 112 Nev. 244, 911 P.2d 1196 (1996). The order appealed from grants respondent's motion to exclude two prior convictions for felony enhancement purposes, but does not dismiss the charge pending against respondent.

The right to appeal is statutory; where no statute or court rule provides for an appeal, no right to appeal exists. Castillo v. State, 106 Nev. 349, 352, 729 P.2d 1133, 1135 (1990). No statute or court rule provides for an appeal from a district court order excluding the use of prior convictions for felony enhancement purposes. Such an order is an intermediate order that can and should be reviewed on appeal from a final

judgment. *See* NRS 177.045. We lack jurisdiction to consider this appeal, and we

ORDER this appeal DISMISSED.[1]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chief Judge, The Second Judicial District Court
       Hon. William A. Maddox, Senior Judge
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe County Public Defender
       Washoe District Court Clerk

---

[1]We decline appellant's invitation to revisit our ruling in *State v. Braidy*, 104 Nev. 669, 765 P.2d 187 (1988).