# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
                    Appellant,
                vs.
GARY JOSEPH MORTENSEN,
                    Respondent.

No. 76329

FILED

OCT 12 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
   DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order granting in part a motion to suppress evidence. Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

NRS 177.015(2) requires that a notice of appeal from an order granting a motion to suppress be filed in the district court within two judicial days of the district court's ruling; a second notice of appeal must be filed in this court within five judicial days of the ruling. *State v. Braidy*, 104 Nev. 669, 765 P.2d 187 (1988); *State v. Loyle*, 101 Nev. 65, 66, 692 P.2d 516, 517 (1985). The time to file the notices of appeal begins to run "on the date the ruling is orally pronounced." *Braidy*, 104 Nev. at 671, 765 P.2d at 188.

The district court minutes indicated that the district court orally granted in part appellant's motion to suppress on June 20, 2018.[1] The

---

[1]The cover sheet of the transcript attached to appellant's response indicates that the suppression hearing was held, and the district court announced its decision, on June 21, 2018. Both parties also represent that the oral decision was made on June 21, 2018.

district court entered a written order granting the motion in part on July 10, 2018. Appellant filed a notice of appeal in the district court on July 10, 2018, and a separate notice of appeal in this court on July 12, 2018. Because both notices of appeal were filed beyond the time limitation of NRS 177.015(2), we entered an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

Appellant asserts that the time to file the notices of appeal did not begin to run until entry of the written order for two reasons. First, appellant contends it is clear from the record that the district court did not finalize its decision at the hearing because the district court directed respondent's counsel to prepare detailed findings of fact and conclusions of law. We disagree. The district court made an unambiguous statement at the hearing announcing its decision to suppress—"I'm going to suppress that. So let's just come to that realization now, okay. The contents of that blue bag are suppressed. I'll make it clear." And nothing in the portion of the transcript of that hearing provided by appellant casts doubt on this oral ruling.

Second, appellant asserts "that the district court's July 10, 2018, order is not supported by the record, as to which blue bag and its exact contents, are actually being suppressed." To the extent appellant argues that the district court's July 10, 2018, order is not supported by the record, that argument relates to the merits of the appeal rather than this court's jurisdiction. To the extent appellant argues that the district court's written order is unclear as to which blue bag is being suppressed, that argument is not relevant to a determination of this court's jurisdiction.

The district court orally pronounced its ruling on June 21, 2018. Appellant did not file the notices of appeal until July 10, 2018, and July 12,

2018, well beyond the time limitations of NRS 177.015(2). Accordingly, we conclude that we lack jurisdiction, and we

ORDER this appeal DISMISSED.

_____ *Cherry* , J.
Cherry

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc:     Hon. Michael Montero, District Judge
        Attorney General/Carson City
        Humboldt County District Attorney
        Humboldt County Alternate Public Defender
        Humboldt County Clerk