# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF W.A.F., A CHILD UNDER THE AGE OF 18 YEARS. | No. 77527 |

THE STATE OF NEVADA,

                    Appellant,

      vs.

W. A. F.,

                    Respondent.

**FILED**

JAN 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
      DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from an oral decision of the district court granting a motion to suppress in a juvenile matter. Third Judicial District Court, Lyon County; John Schlegelmilch, Judge.

When this court's initial review of the notice of appeal revealed a potential jurisdictional defect, appellant was ordered to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, NRS 177.015(2) requires that a notice of appeal from an order granting a motion to suppress be filed in the district court within two judicial days of the ruling by the district court and a second notice of appeal be filed in this court within five judicial days of the ruling. *See State v. Braidy*, 104 Nev. 669, 765 P.2d 187 (1988); *State v. Loyle*, 101 Nev. 65, 66, 692 P.2d 516, 517 (1985). Appellant filed a notice of appeal in the district court within the two-day period, but did not timely file the second notice of appeal in this court.

19· 04826

Appellant contends that a second notice of appeal was not required because juvenile proceedings are not criminal in nature, *see* NRS 62D.010, and NRS Chapter 177 does not apply. Instead, appellant argues, the timeliness of the notice of appeal is governed by the rules for civil appeals. Under those rules, *see* NRAP 4(a)(1), appellant is not required to file a separate notice of appeal in this court.

Even assuming that this is a civil appeal and the rules applicable to civil appeals apply, *see* NRS 62D.500(1) (appeals from juvenile court orders may be taken "in the same manner as appeals in civil cases are taken), the challenged oral ruling is not appealable. In the civil context, an oral order affecting the merits of a matter is invalid and unappealable. *State, Div. Child & Family Serv. v. Dist. Court,* 120 Nev. 445, 451–54, 92 P.3d 1239, 1243–45 (2004) ("[D]ispositional court orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy, must be written, signed, and filed before they become effective."); *Rust v. Clark Cty. Sch. Dist.,* 103 Nev. 686, 689, 747, P.2d 1380, 1382 (1987) ("The district court's oral pronouncement from the bench, the clerk's minute order, and even an unfiled written order are ineffective for any purpose and cannot be appealed."). Additionally, no civil statute or court rule allows an appeal from a pre-trial order granting a motion to suppress evidence. *See Brown v. MHC Stagecoach,* 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule").

Appellant did not timely file the required second notice of appeal in this court and did not invoke this court's jurisdiction under NRS 177.015(2). *See Loyle,* 101 Nev. at 66-67, 692 P.2d at 517 (both notices of appeal must be filed within the respective time periods provided by NRS

177.015(2) to invoke this court's jurisdiction). And the challenged ruling is not appealable under the rules governing civil appeals. Accordingly, this court lacks jurisdiction and

ORDERS this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. John Schlegelmilch, District Judge
Attorney General/Carson City
Lyon County District Attorney
Mouritsen Law
Third District Court Clerk