RICHARD E. RUPLEY, Appellant and Cross–Respondent, v. THE STATE OF NEVADA, Respondent and Cross–Appellant.

No. 8876

February 16, 1977                    560 P.2d 146

*David Hamilton,* Reno, for Appellant and Cross-Respondent.

*Robert List,* Attorney General, Carson City; and *Larry R. Hicks,* District Attorney, Washoe County, for Respondent and Cross-Appellant.

## OPINION*

*Per Curiam:*

Richard E. Rupley was ordered to stand trial for possession and sale of a controlled substance (cocaine), felonies under NRS 453.336 and 453.321. The charges were based on several incriminating telephone conversations which had been tape-recorded. A timely filed motion to suppress the recorded conversations was granted in part and denied in part. Rupley here attempts to appeal from the portion of the order which denied, in part, his motion. Rupley is not authorized to appeal at this time. NRS 177.015(2); NRS 179.510. However, the state's cross-appeal, from that part of the order which granted Rupley's motion to suppress, although lacking merit, is permissible at this time. NRS 179.510.

The district judge determined the telephone conversations in question were intercepted without the authorization required by the "wiretap statutes," NRS 179.410 et seq., and they were, therefore, inadmissible.[1]

NRS 179.430, which is patterned on the federal act, defines "intercept" as "the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical or other device *or of any sending or receiving*

---

*This opinion was filed, as an unpublished order, January 11, 1977. Because of the paucity of published authority on the issues we have been requested to publish the order, as an opinion.

[1] *These statutes,* patterned on the federal "wiretap statutes," 18 U.S.C. § 2510 et seq., were adopted by Nevada in 1973, and *require, inter alia, an application to, and order from, a* supreme court *justice or* district court *judge, authorizing the interception* of oral or wire communications, *prior to the interception.*

*equipment.*"[2] Here, a police officer acquired the contents of the wire communications between Rupley and an informant by attaching a suction-cup device to the receiver of the informant's telephone.[3] Our statute clearly makes such a device "proscribed receiving equipment," and NRS 179.500 requires that court authorization be obtained prior to its use. *See* United States v. Turk, 526 F.2d 654 (5th Cir. 1976), which so holds, even under the limited language of the federal act.

The state also advances the novel argument that testimony regarding the intercepted telephone conversations is admissible because the witnesses were testifying from their personal recall of the conversations with the defendant, and not from the illegally obtained tapes. NRS 179.505 provides for a motion to "suppress the *contents* of any [illegally] intercepted wire or oral communications." (Emphasis added.) NRS 179.420 defines contents as *"any information concerning the identity of the parties to such communication or the existence, substance, purport or meaning of that communication."* (Emphasis added.)

Perceiving no error in the district judge's ruling, we ORDER the appeal and the cross-appeal dismissed.

---

[2]The italicized portion of the statute, which is not included in the federal act, was added by the Nevada Legislature.

[3]Nevada's "wiretap statutes," unlike the federal statutes, do not permit interception in situations where one person, acting under color of law, is a party to the communication or has given prior consent to the interception. *See* 18 U.S.C. § 2511(2)(c).