THE STATE OF NEVADA, APPELLANT, *v.* NANCY
ANN PEARCE, RESPONDENT.

No. 12516

April 30, 1980                             609 P.2d 1237

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Appellant.

*G. C. Backus,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent was charged with embezzlement, a felony under NRS 205.300. A motion to suppress evidence was granted by the district court, and the state has appealed. Respondent has filed a motion to dismiss the appeal. Respondent contends, among other things, that the order granting the motion to suppress evidence is not an appealable order. We agree.

NRS 177.015 is the general statute dealing with appeals in criminal cases. In 1971, that statute was amended to provide for appeals from pre-trial orders granting or denying motions to suppress evidence. *See* 1971 Nev. Stats. ch. 627 § 1, at 1450. However, the statute was amended again in 1973, deleting the provision dealing with appeals from orders on motions to suppress. *See* 1973 Nev. Stats. ch. 730, § 1, at 1489. Therefore, at

the present time NRS 177.015 does not provide authority for the state's appeal.[1]

The state's only argument as to its authority for the appeal is as follows: "The Respondent has overlooked NRS 179.510 which expressly provides for an appeal by the State from an order granting a motion to suppress."

The state's argument is inaccurate and incomplete. NRS 179.510 is clearly not applicable to this appeal.[2] The state has failed to note language contained in the statute expressly limiting its applicability to motions to suppress "made under NRS 179.505." NRS 179.505 deals solely with motions to suppress intercepted wire or oral communications. *See, e.g.,* Rupley v. State, 93 Nev. 60, 560 P.2d 146 (1977). The motion to suppress in this case had nothing whatsoever to do with the suppression of intercepted communications under NRS 179.505.

Finding no authority for the state's appeal, we grant respondent's motion to dismiss.[3]

Appeal dismissed.

---

[1]NRS 177.015 presently reads as follows:

1. The party aggrieved in a criminal action, whether that party be the state or the defendant, may appeal only as follows:

(a) To the district court of the county from a final judgment of the justice's court.

(b) To the supreme court from an order of the district court granting a motion to dismiss, a motion for acquittal or a motion in arrest of judgment, or granting or refusing a new trial.

2. The defendant only may appeal from a final judgment or verdict in a criminal case.

[2]NRS 179.510 provides, in part:

In addition to any other right to appeal *the state may appeal from an order granting a motion to suppress made under NRS 179.505* if the attorney general or district attorney certifies to the judge or other official granting such motion that the appeal is not taken for purposes of delay. (Emphasis added.)

[3]In light of our disposition of this issue we need not decide respondent's contention that the appeal should be dismissed for failure of the state to comply with NRAP 3(d).