ALAN J. PHILLIPS and LOIS ROSEN, Appellants, *v.*
FREDERICK J. PARKER, Respondent.

No. 19950

June 28, 1990 794 P.2d 716

*Kevin C. Sewell,* Las Vegas, for Appellant.

*Lipow & Harris,* Los Angeles, California, and *Ecker & Standish,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The determinative issue in this case is whether the complaint and the allegations made therein are subject to the arbitration clause contained in a written agreement between the parties. We conclude that despite an attempted avoidance of the agreement,

because of the nature of the dispute and the allegations asserted, the complaint is, at least in part, dependent upon the terms of the agreement. Evidentiary reliance upon an agreement containing an arbitration clause requires arbitration of the dispute. Therefore, we reverse the decision of the district court and order arbitration.

## The Facts

Respondent Frederick J. Parker (Parker) and Appellant Alan J. Phillips (Phillips) agreed to start a mail service and pre-sorting business and signed an agreement setting out the substance of their understanding. This agreement contained a rather broadly drafted arbitration clause which provided that

> Any controvercy [sic] or claim arrising [sic] out of, or relating to this agreement, or the breach thereof shall be settled by arbitration which shall be conducted in accordance with the rules of the American Arbitration Association, and judgement [sic] upon award rendered may be entered and enforced in any court having jurisdiction thereof. The parties agree that the arbitrator shall be a neutral person.

Phillips claims to have developed reservations about the agreement shortly after its signing because of Parker's financial problems. Consequently, shortly thereafter, Phillips formed a different corporation with business objectives identical to the corporation contemplated in the agreement. Parker is alleged to have willingly become an employee and officer of this corporation, but not a part owner as provided in the original agreement.

Several months after formation of the corporation, Phillips terminated Parker and removed him from the board of directors. Parker subsequently sued, alleging at least one cause of action related to the agreement and other independent causes related to the alleged fraudulent mismanagement and liquidation of the corporation. Phillips and Rosen,[1] relying on the arbitration clause in the agreement, moved to compel arbitration. Parker moved to amend the complaint to omit any reference to the agreement and opposed arbitration. Leave to amend the complaint was granted and the district court denied the request for arbitration. The precise grounds for denial of the motion to compel arbitration are unknown as the district court's order contains no reasoning or explanation and is simply a bare order of denial only.

## Discussion

NRS 38.035 states:

---

[1]Appellant Rosen was named in Parker's complaint as having collaborated with Phillips in various ways to deprive the latter of his entitlements.

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. NRS 38.015 to 38.205, inclusive, also apply to arbitration agreements between employers and employees or between their respective representatives unless otherwise provided in the agreement.

In Nevada, the courts, rather than an arbitrator, are generally the proper forum to decide whether a dispute must be arbitrated. Int'l Assoc. Firefighters v. City of Las Vegas, 104 Nev. 615, 620, 764 P.2d 478, 481 (1988) (quoting from AT&T Technologies v. Communications Workers of America, 475 U.S. 643, 649 (1986)). There is a strong public policy favoring contractual provisions requiring arbitration as a dispute resolution mechanism. Consequently, when there is an agreement to arbitrate we have said that there is a "presumption of arbitrability." *Id.* Moreover, arbitrability is usually a question of contractual construction. Contractual construction is a question of law and this court can conduct its own independent review of such issues. Kennedy & Mitchell, Inc. v. Anadarko Prod. Co., 754 P.2d 803, 805-806 (Kan. 1988); Peck v. Title USA Ins. Corp., 766 P.2d 290, 293 (N.M. 1988). We conclude, for reasons set out below, that Parker's careful pleading in his amended complaint cannot avoid arbitration. Arbitration issues are governed by the relevant provisions of Nevada's version of the Uniform Arbitration Act. (NRS 38.015 et. seq.). This court has previously observed that the Arbitration Act's purpose is to prevent courts from intervening when a provision for arbitration has been contractually provided by the parties. Lane-Tahoe, Inc. v. Kindred Const. Co., 91 Nev. 385, 388, 536 P.2d 491, 493 (1975). Moreover, such contracts, with certain exceptions, are valid, enforceable and irrevocable. *Id.* The Act clearly favors arbitration.

■■■■■■■

We have previously held that once an arbitrable issue has been found to exist, all doubts concerning the arbitrability of the subject matter should be resolved in favor of arbitration. Exber, Inc. v. Sletten Constr. Co., 92 Nev. 721, 729, 558 P.2d 517, 522 (1976). Courts are not to deprive the parties of the benefits of arbitration they have bargained for, and arbitration clauses are to be construed liberally in favor of arbitration. *Id.* at 730, 558 P.2d at 522 (citations omitted). Within the framework of the foregoing authority we must determined if the parties agreed to arbitrate this dispute.

■■

The original complaint clearly referred to the agreement and its breach and would clearly have been subject to the arbitration provision. We note, however, that because the district court committed no abuse of discretion in allowing Parker to amend his complaint, our decision is based solely on the content of the amended complaint.

The amended complaint contains numerous factual allegations which are asserted in support of several causes of action including (1) Civil RICO; (2) Wrongful removal of a director; (3) Breach of fiduciary duty; (4) Constructive fraud; and (5) Conversion. The amended complaint makes no reference to the agreement and at first glance does not appear dependent upon the agreement for its causes of action. However, despite this clear effort to avoid the agreement, Parker's basis for claiming injury and grounds for redress stem from rights he allegedly received pursuant to the agreement. His alleged rights therefore "relate to" the agreement as provided in the arbitration clause.

First, some, if not all, of Parker's causes of action depend on his status as a minority shareholder in a closely held corporation with accompanying statutory and common law rights. Parker's only documentary evidence of stock ownership is the agreement itself.

It is disingenuous to assert that the agreement will be used only as an evidentiary document to show the intent of the parties concerning ownership of a percentage of the stock of a corporation and ignore the clearly manifested intent to arbitrate within the same document. Parker may not rely on the agreement to prove ownership and simultaneously disavow the applicability of the arbitration clause. If Parker must rely on the agreement in order to prove his disputed right to stock ownership, he has placed himself squarely within the ambit of the arbitration provision covering controversies or claims arising out of or relating to the agreement. Despite the careful pleading, the amended complaint relates to the agreement and hence is subject to arbitration.

As we conclude that the agreement and its terms are clearly at play in the current dispute and cannot be circumvented, we need not determine the effect of any asserted abandonment and repudiation. We note, however, that "an alleged breach or repudiation of the contract [does not] preclude the right to arbitrate." 6 C.J.S. *Arbitration* § 8 (1975) (citations omitted). Abandonment or repudiation and its effect will have to be demonstrated in arbitration.

Accordingly, the decision of the district court is reversed with instructions to grant the motion to compel arbitration.