MIKOHN GAMING CORPORATION, a NEVADA CORPORATION, APPELLANT, *v.* CHARLES H. McCREA, JR., RESPONDENT.

No. 41822

May 12, 2004                                                89 P.3d 36

*Littler Mendelson* and *Patrick H. Hicks, Jeffrey S. Judd,* and *Rick D. Roskelley,* Las Vegas, for Appellant.

*Harpenau-Torbeck Builders,* 455 N.E.2d 1276 (Ohio 1983); *Kennedy v. Columbia Lumber & Mfg. Co.,* 384 S.E.2d 730 (S.C. 1989).

*Campbell & Williams* and *Donald J. Campbell* and *J. Colby Williams,* Las Vegas, for Respondent.

Before Becker, Agosti and Gibbons, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a district court order that denied in part a motion to compel arbitration. Appellant seeks a stay of the district court proceedings pending consideration of this appeal. We granted a temporary stay on October 14, 2003.

Although our general stay factors, articulated in NRAP 8(c), apply in an appeal from an order refusing to compel arbitration, our stay analysis necessarily reflects arbitration's unique policies and purposes and the interlocutory nature of the appeal. Consequently, the first stay factor—whether the object of the appeal will be defeated if the stay is denied—takes on added significance and generally warrants a stay of lower court proceedings pending resolution of the appeal. The other stay factors remain relevant, but absent a strong showing that the appeal lacks merit or that irreparable harm will result if a stay is granted, a stay should issue to avoid defeating the object of an appeal from an order refusing to compel arbitration.

### FACTS

This controversy arises from appellant Mikohn Gaming Corporation's employment and subsequent termination of respondent Charles McCrea. Mikohn employed McCrea as general counsel and secretary from May 1994 until March 2003. When Mikohn hired McCrea, the parties entered into separate employment and indemnification agreements. The employment agreement included an arbitration clause, which subjected certain controversies arising from McCrea's employment to binding arbitration. The indemnification agreement purported to indemnify McCrea from any liability in his official capacity as an officer of Mikohn. The indemnification agreement did not contain an arbitration clause.

On March 13, 2003, Mikohn brought a ''collection action'' in the district court against McCrea for a breach of promissory notes.[1] McCrea filed an answer and counterclaim. His counterclaim asserted seven causes of action against Mikohn. Subsequently,

---

[1] The stay motion does not explain the facts or circumstances surrounding the ''collection action.''

Mikohn moved to dismiss and/or compel arbitration of all of McCrea's claims.

The district court concluded that McCrea's first five claims arose from the indemnification agreement. Consequently, the district court granted the motion to compel arbitration as to McCrea's sixth and seventh causes of action, and denied the motion as to his first five causes of action. Mikohn appealed and sought a stay in the district court.[2] The district court denied the stay motion, and Mikohn now seeks a stay from this court. We granted a temporary stay on October 14, 2003, to preserve the status quo while we considered the interplay of NRAP 8(c)'s stay factors in an appeal from an order refusing to compel arbitration.

## DISCUSSION

Generally, in determining whether to issue a stay pending disposition of an appeal, this court considers the following factors: (1) whether the object of the appeal will be defeated if the stay is denied, (2) whether appellant will suffer irreparable or serious injury if the stay is denied, (3) whether respondent will suffer irreparable or serious injury if the stay is granted, and (4) whether appellant is likely to prevail on the merits in the appeal.[3] We have not indicated that any one factor carries more weight than the others, although *Fritz Hansen A/S v. District Court*[4] recognizes that if one or two factors are especially strong, they may counterbalance other weak factors.

Our stay analysis in an appeal from an order refusing to compel arbitration necessarily reflects the unique policies and purposes of arbitration and the interlocutory nature of the appeal. As a result, the first stay factor takes on added significance and generally warrants a stay of trial court proceedings pending resolution of the appeal. The other stay factors remain relevant, but absent a strong showing that the appeal lacks merit or that irreparable harm will

---

[2]NRS 38.205(1)(a) (repealed 2001) (current version at NRS 38.247(1)(a)) allows an immediate appeal of an order denying a motion to compel arbitration. Because Mikohn and McCrea entered into the employment agreement before October 1, 2001, the prior version of the Uniform Arbitration Act (UAA), codified at NRS 38.015 to 38.205, governs this dispute. For purposes of this opinion, however, the differences between the prior and current version of the UAA are irrelevant.

[3]NRAP 8(c); *see also Fritz Hansen A/S v. Dist. Ct.,* 116 Nev. 650, 6 P.3d 982 (2000).

[4]116 Nev. at 659, 6 P.3d at 987.

result if a stay is granted, a stay should issue to avoid defeating the object of the appeal.

### Object of the appeal

Initially, we define the object of an appeal from an order refusing to compel arbitration. In this case, the parties offer conflicting views on the object of Mikohn's appeal. Mikohn argues that the object of its appeal is to enforce the employment agreement's arbitration clause and attain the bargained-for benefits of arbitration. According to Mikohn, allowing the district court proceedings to continue while its appeal is pending will render the arbitration clause meaningless, and any victory on appeal will be hollow. McCrea counters that Mikohn's appeal simply seeks to determine whether all of McCrea's claims are subject to arbitration, and if this court grants Mikohn relief in this appeal, the claims currently before the district court can be consolidated into the arbitration proceedings.

Nevada's version of the Uniform Arbitration Act[5] (UAA) clearly favors arbitration.[6] And we have previously recognized a strong policy in favor of arbitration, stating that "[c]ourts are not to deprive the parties of the benefits of arbitration they have bargained for, and arbitration clauses are to be construed liberally in favor of arbitration."[7] Further, and particularly relevant to this discussion, are the reasons parties choose arbitration over traditional litigation. Arbitration, as an alternative dispute resolution mechanism, is generally designed to avoid the higher costs and longer time periods associated with traditional litigation.[8] Adopting McCrea's definition of the object of this appeal would ignore arbitration's purposes and benefits. The benefits of arbitration would likely be lost or eroded if it were necessary for an appellant to simultaneously or sequentially proceed in both judicial and arbitral forums.[9]

In addition, the Legislature has provided for an interlocutory appeal of an order denying a motion to compel arbitration,[10] which demonstrates an intent to secure review of an order refusing to compel arbitration before trial. In doing so, the Legislature has implicitly recognized that an appellant who is forced to defend the action in district court pending appeal, possibly even to final judg-

---

[5]NRS 38.015 to 38.205 (repealed 2001) (current version at NRS 38.206 to 38.248).

[6]*See Phillips v. Parker,* 106 Nev. 415, 417, 794 P.2d 716, 718 (1990).

[7]*Id.*

[8]*See Bradford-Scott Data v. Physician Computer Network,* 128 F.3d 504, 506 (7th Cir. 1997).

[9]*Id.*

[10]*See* NRS 38.205(1)(a) (repealed 2001) (current version at NRS 38.247).

ment, loses arbitration's monetary and timesaving benefits. Otherwise, the Legislature could have required the appellant to wait to appeal from any adverse final judgment.

Given the interlocutory nature of an appeal seeking to compel arbitration, and the purposes of arbitration, the first stay factor takes on added significance. The object of an appeal seeking to compel arbitration is to enforce the arbitration agreement and attain the bargained-for benefits of arbitration. As a result, because the object of an appeal seeking to compel arbitration will likely be defeated if a stay is denied, a stay is generally warranted. A stay is not automatic, however. NRAP 8(c)'s other stay factors also apply in the stay analysis.

## Irreparable or serious harm

Although irreparable or serious harm remains part of the stay analysis, this factor will not generally play a significant role in the decision whether to issue a stay. Normally, the only cognizant harm threatened to the parties is increased litigation costs and delay. We have previously explained that litigation costs, even if potentially substantial, are not irreparable harm.[11] Similarly, a mere delay in pursuing discovery and litigation normally does not constitute irreparable harm.[12] Of course, in certain cases, a party may face actual irreparable harm, and in such cases the likelihood of irreparable harm should be considered in the stay analysis. Neither Mikohn nor McCrea have demonstrated irreparable or serious harm in this case.

## Likelihood of success on the merits

Because the object of an appeal seeking to compel arbitration will be defeated if a stay is denied, and irreparable harm will seldom figure into the analysis, a stay is generally warranted. However, we recognize the potential for abuse of a rule that requires an automatic stay in this context. Therefore, the party opposing the stay motion can defeat the motion by making a strong showing that appellate relief is unattainable. In particular, if the appeal appears frivolous or if the appellant apparently filed the stay motion purely for dilatory purposes, the court should deny the stay. Under this approach, a stay should be denied when arbitration is clearly not warranted, but a stay should generally be granted in other cases.

---

[11]*Fritz Hansen A/S,* 116 Nev. at 658, 6 P.3d at 986-87.

[12]*See id.* at 658, 6 P.3d at 987.

In this case, the merits are unclear at this stage. Without a full appellate review of the record, we cannot determine if Mikohn's appeal is likely to succeed. As a result, because it is not clear if arbitration of McCrea's claims is required by the employment agreement's arbitration clause and Mikohn will be forced to spend money and time preparing for trial, thus potentially losing the benefits of arbitration, we grant Mikohn's motion and extend the stay for the duration of this appeal.[13]

In view of this opinion, and to the extent our docket permits, we will expedite appeals from orders denying motions to compel arbitration.

---

[13]In light of this opinion, we deny McCrea's December 3, 2003 motion to vacate our temporary stay.