134 Nev., Advance Opinion 102

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, Appellant, vs. TAREN DESHAWN BROWN, A/K/A TAREN DE SHAWNE BROWN, A/K/A "GOLDY-LOX," Respondent. | No. 75184 |





DEC 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to suppress in a criminal prosecution. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

*Dismissed.*

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, Jennifer P. Noble, Appellate Deputy District Attorney, and Adam Cate, Deputy District Attorney, Washoe County, for Appellant.

John L. Arrascada, Public Defender, John Reese Petty, Chief Deputy Public Defender, and Emilie B. Meyer, Deputy Public Defender, Washoe County, for Respondent.

BEFORE PICKERING, GIBBONS and HARDESTY, JJ.

*OPINION*

By the Court, HARDESTY, J.:

The State brings this appeal pursuant to NRS 177.015(2), which grants the State the right to file an interlocutory appeal from a district court order granting or denying a motion to suppress evidence upon

18-909619

"good cause shown." We take this opportunity to address the "good cause" showing that the State must make under NRS 177.015(2) in order for the appeal to proceed. Because we conclude that the State has failed to demonstrate good cause as contemplated by NRS 177.015(2), we dismiss the appeal.

## BACKGROUND

On October 28, 2017, the Reno Police Department (RPD) apprehended respondent Taren Brown after he allegedly pulled the trigger of a gun while pointing it at the alleged victim. A police officer placed Brown in an RPD police car and conducted a recorded interrogation. During the interrogation, Brown made several incriminating statements, including an admission regarding why he approached the alleged victim and drew a gun. The State charged Brown with attempted murder with the use of a deadly weapon, assault with a deadly weapon, carrying a concealed firearm, and possession of a firearm with an altered or removed serial number.

Brown filed a motion to suppress his statements, arguing that the officer did not effectively inform him of his right to an attorney before and during the interrogation as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). Brown argued that the officer's mistake made his statements involuntary. The district court agreed and granted Brown's motion to suppress the statements. The State now appeals from the district court's suppression order.

## DICUSSION

NRS 177.015(2) grants the State the right to appeal from an order suppressing evidence. That right, however, is not absolute. NRS 177.015(2) provides, in relevant part:

> The State may, *upon good cause shown*, appeal to the appellate court of competent

> jurisdiction . . . from a pretrial order of the district court granting or denying a motion to suppress evidence . . . . The appellate court of competent jurisdiction may establish such procedures as it determines proper in requiring the appellant to make a preliminary showing of the *propriety of the appeal* and whether there may be *a miscarriage of justice* if the appeal is *not* entertained.

(Emphases added.)

The plain language of NRS 177.015(2) thus requires the State to first show "good cause" before this court will consider the merits of an appeal. As the statute later explains, "good cause" means the State must make a preliminary showing of the "propriety of the appeal" and that a "miscarriage of justice" would result if the appeal is not entertained.[1] Although the statute does not provide guidance regarding the meaning of the phrases "propriety of the appeal" and "miscarriage of justice," a review of the statute's legislative history reveals that its threshold requirements were intended to provide this court with the discretionary authority over whether to entertain the appeal.[2] *See* Hearing on S.B. 349 Before the

---

[1]Procedurally, once the State files a notice of appeal pursuant to NRS 177.015(2), this court orders the State to file points and authorities addressing the required preliminary showing. The defendant is given an opportunity to respond, and then this court reviews the parties' submissions to determine whether to entertain the appeal. In this case, in addition to following the aforementioned procedure, we ordered the parties to file supplemental points and authorities to assist this court in determining whether to entertain this appeal.

[2]NRS 177.015(2) was initially enacted in 1971 but was repealed in the following legislative session. *See State v. Robles-Nieves*, 129 Nev. 537, 540, 306 P.3d 399, 402 (2013); *State v. Pearce*, 96 Nev. 383, 383-84, 609 P.2d 1237, 1237-38 (1980). The current version was adopted in 1981. *See* 1981 Nev. Stat., ch. 702, § 1, at 1706.

 

Senate Judiciary Comm., 56th Leg. (Nev., March 16, 1971). The Legislature recognized that an interlocutory appeal from a suppression order was the only opportunity the State had to seek appellate review of an erroneous suppression ruling, but it also expressed concern that an appeal could be used as a delaying tactic and interfere with the defendant's speedy trial rights. *See, e.g.*, Hearing on S.B. 349 Before the Senate Judiciary Comm., 56th Leg. (Nev., March 10, 1971). The legislative history of the statute also reflects concern that without restrictions on the State's right to appeal, it could result in numerous appeals and tie up judicial resources. Hearing on S.B. 349 Before the Senate Judiciary Comm., 56th Leg. (Nev., March 16, 1971).

The Legislature's concerns are shared by many other states, a majority of which have likewise imposed restrictions on the State's ability to bring an interlocutory appeal from a suppression order. Though these restrictive provisions employ varying language, most of them require the prosecution to show that the evidence is important enough that suppression of it would substantially impair or terminate its ability to prosecute the case. *See, e.g.*, Minn. R. Crim. P. 28.04, subd. 2(1) (2015) (requiring the prosecutor to include a statement "explaining how the district court's alleged error, unless reversed, will have a critical impact on the outcome of the trial"); N.C. Gen. Stat. Ann. § 15A-979(c) (1979) (requiring certification "that the [suppressed] evidence is essential to the case"); Pa. R. App. P. 311(d) (2016) (requiring the prosecutor to certify that the suppression order "will terminate or substantially handicap the prosecution"). In addition to this prerequisite, many states require the prosecution to certify that the appeal is not taken for the purpose of delay. *See, e.g.*, Colo. Rev. Stat.

§ 16-12-102(2) (2002); N.M. Stat. Ann. § 39-3-3(B)(2) (LexisNexis 2004); Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West 2018).

We find these restrictions to be consistent with the language and legislative intent of NRS 177.015(2) and thus choose to interpret the preliminary showing requirements in NRS 177.015(2) similarly. First, we define the phrase "propriety of the appeal" to mean that the appeal is not taken for the purpose of delay. We note that though many states require the prosecutor to merely "certify" that the suppression has hindered the ability to prosecute, NRS 177.015(2) requires the prosecution to make a "preliminary showing," which requires more than simply paraphrasing the statutory language. In this case, both parties agree that the State did not take this appeal for the purpose of delay, and there is nothing in the record to suggest otherwise. Thus, the State has made a preliminary showing of the propriety of the appeal.

Second, we define the phrase "miscarriage of justice" as used in NRS 177.015(2) to mean that the suppressed evidence is of substantial importance such that its suppression would significantly impair or terminate the State's ability to prosecute the case. To make this showing, the State must do more than explain the importance of the evidence or assert that the evidence proves certain elements of a charged offense. Rather, the State must explain how it will be substantially impaired in proving those elements without the suppressed evidence. This requires an explanation of what other evidence is available to the State and how that admissible evidence may be inadequate for conviction.

In the present case, the State, despite being given the opportunity to supplement its points and authorities to specifically address how suppression of Brown's statements substantially impaired or terminated its ability to prosecute Brown, has not established that a miscarriage of justice would result if this court does not entertain its appeal. The State's assertions in support of this appeal primarily focus on the fact that the suppressed evidence—Brown's admissions to a police officer that he drew a loaded gun on the alleged victim—can prove all or most of the elements of the charged offenses as well as the identity of the perpetrator. The State mentions only one available alternative piece of evidence, a surveillance video, which the State asserts may be insufficient to prove Brown's identity, as the camera is far away and Brown was wearing a hooded sweatshirt. Though we are mindful that the State is in the best position to evaluate the strength of its evidence and the chances of succeeding at trial, we will not rely solely on the State's own assessment of the evidence when evaluating good cause under NRS 177.015(2). Here, the State's assertion that it will be impaired in its ability to prove the perpetrator's identity without the suppressed evidence is inconsistent with the record before us. The record provided by the State indicates that Brown made similar admissions in a jail telephone call, which were in the State's possession and had not been suppressed.

Accordingly, in light of the State's failure to discuss the strength of available evidence, we conclude that the State failed to make

the preliminary showing that a miscarriage of justice will occur if we do not entertain this appeal. Therefore, we dismiss the State's appeal.[3]

_____, J.
Hardesty

We concur:

_____, J.
Pickering

_____, J.
Gibbons

---

[3]In light of this opinion, we vacate the April 9, 2018 stay of trial imposed by the Nevada Court of Appeals in this matter.