# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
GREGORIA F. GONZALEZ,
Respondent.

No. 80694

FILED

MAY 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting respondent Gregoria F. Gonzalez's motion to suppress evidence and denying in part the State's motion to introduce Gonzalez's statements. Seventh Judicial District Court, White Pine County; Gary Fairman, Judge.

The State charged Gonzalez by amended criminal information with level-three trafficking of a schedule II controlled substance and transportation of a controlled substance. Gonzalez moved to suppress, among other things, the cocaine seized from her vehicle during a warrantless search and incriminating post-*Miranda*[1] statements made to the investigating officer. The district court granted Gonzalez's motion in part, finding that (1) the officers exceeded the scope of Gonzalez's initial consent to the search of her vehicle by dismantling the backseat, and (2) within the first 60 minutes of her detention, *see* NRS 171.123(4), there was no probable cause to arrest. As a result, the district court suppressed evidence of the nearly 7,000 grams of cocaine eventually found in an aftermarket compartment hidden in Gonzalez's vehicle and inculpatory post-*Miranda* statements Gonzalez made after the one-hour mark of her detention.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

SUPREME COURT
OF
NEVADA

(O) 1947A

20-18529

Under NRS 177.015(2), the State may appeal from pre-trial orders granting or denying motions to suppress. "That right, however, is not absolute." *State v. Brown*, 134 Nev. 837, 838, 432 P.3d 195, 197 (2018). "The plain language of NRS 177.015(2) . . . requires the State to first show 'good cause' before this court will consider the merits of an appeal." *Id.* To accomplish this task, the State must "make a preliminary showing of the propriety of the appeal and whether there may be a miscarriage of justice if the appeal is not entertained." NRS 177.015(2). To demonstrate the latter requirement, the State must discuss the strength of the available evidence and "explain how [the State] will be substantially impaired in proving those elements [of the charged crimes] without the suppressed evidence." *Id.* at 840, 432 P.3d at 198. "This requires an explanation of what other evidence is available to the State and how that admissible evidence may be inadequate for conviction." *Id.*

Here, in its statement of good cause, the State focuses solely on what happened below, despite failing to provide a record, and disregards the requirements of NRS 177.015(2) and *Brown*. For these reasons, we conclude that the State failed to demonstrate good cause for this court to entertain this appeal. Accordingly, we dismiss the State's appeal.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich

 

cc: Hon. Gary Fairman, District Judge
Attorney General/Carson City
White Pine County District Attorney
Kirsty E. Pickering Attorney at Law
White Pine County Clerk