# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
DARNELL SOLIS SMITH,
Respondent.

No. 83234

**FILED**

FEB 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting respondent's motion to suppress evidence. Second Judicial District Court, Washoe County; Kathleen A. Sigurdson, Judge.[1]

The State charged respondent Darnell Solis Smith with murder committed against a person who is 60 years of age or older and abuse of an older person resulting in death. Smith moved to suppress a duffel bag found on the decedent's body and all evidence in the decedent's apartment seized after the exigent circumstances ended. The district court granted Smith's motion in part, finding that exigent circumstances permitted police officers to enter the apartment and conduct a protective sweep but that the exigent circumstances ceased to exist after officers determined there was neither a present threat nor an individual requiring assistance. As a result, the district court suppressed "any evidence obtained without a valid search warrant after officers cleared the Apartment for imminent dangers and found that no individuals needed emergency assistance."

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-05450

Under NRS 177.015(2), the State may appeal from a pretrial order granting a motion to suppress. "That right, however, is not absolute." *State v. Brown*, 134 Nev. 837, 838, 432 P.3d 195, 197 (2018). The statute "requires the State to first show 'good cause' before this court will consider the merits of an appeal." *Id.* To meet this burden, the State must "make a preliminary showing of the propriety of the appeal and whether there may be a miscarriage of justice if the appeal is not entertained." NRS 177.015(2). To show a miscarriage of justice, the State must discuss the strength of the available evidence and its chance of success at trial and "explain how [the State] will be substantially impaired in proving those elements [of the charged crimes] without the suppressed evidence." *Brown*, 134 Nev. at 840, 432 P.3d at 198. "This requires an explanation of what other evidence is available to the State and how that admissible evidence may be inadequate for conviction." *Id.* "[W]e will not rely solely on the State's own assessment of the evidence when evaluating good cause under NRS 177.015(2)." *Id.*

Here, in its statement of good cause, the State presents its argument that the district court erred in suppressing the evidence but makes no argument regarding a miscarriage of justice. Further, in its reply brief, the State takes exception with the requirement under NRS 177.015(2) and *Brown* to discuss the strength of the available evidence. Contrary to the State's assertion, the application of *Brown* does not deny the State the right to a fair trial; rather, *Brown* simply requires the State to make a preliminary showing before this court will exercise its discretionary authority to consider the appeal. *See* 134 Nev. at 838-39, 432 P.3d at 197 ("[A] review of the statute's legislative history reveals that its threshold requirements were intended to provide this court with the discretionary authority over whether to entertain the appeal."). For these reasons, we

conclude that the State fails to demonstrate good cause for this court to entertain this appeal. Accordingly, we dismiss the State's appeal.

It is so ORDERED.[2]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc:    Hon. Kathleen A. Sigurdson, District Judge
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe County Public Defender
       Washoe District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.